■ WHITMAN HEFFERNAN RHEIN & Co., INC., Appellant, v GRIFFIN COMPANY, Respondent.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered December 20, 1989, granting defendant's motion pursuant to CPLR 3212 for summary judgment dismissing plaintiff's complaint as barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [10]), is unanimously affirmed, without costs.

Plaintiff, a financial advisor, commenced this action for breach of contract and quantum meruit for services rendered in connection with defendant's acquisition of Resorts International, Inc. from Donald Trump. Pursuant to the alleged oral agreement, plaintiff was to perform various financial advisory and consulting services, to assist defendant in analyzing and considering options in connection with the proposed transaction, and to assist in arranging financing for the cost of the acquisition. An alleged final draft for the agreement, unsigned by the defendant, provides that defendant agreed to pay a percentage of the total acquisition price to plaintiff as a performance fee, if plaintiff were to succeed in the acquisition, and to pay a percentage of any financing obtained in connection with the acquisition, as an additional performance fee, for plaintiff's efforts in assisting it in obtaining said financing.

General Obligations Law § 5-701 (a) (10) provides that an agreement is void, unless evidenced by a writing signed by the party to be charged, if the agreement is a contract to pay compensation for services rendered in negotiating the purchase of a business. The term "negotiating" includes assisting in the "consummation of the transaction" (§ 5-701 [a] [10]).

We agree with the IAS court that the services to be rendered by plaintiff, in assisting it in evaluating and analyzing the proposed acquisition and providing consultant services, fall within the ambit of the Statute of Frauds (General Obligations Law § 5-701 [a] [10]; see, *Enfeld v Hemmerdinger Estate Corp.*, 34 AD2d 980, 981, *affd* 28 NY2d 606), and plaintiff's claims are, therefore, barred.

While plaintiff concedes the obligation to pay a fee in connection with the acquisition is barred by the Statute of Frauds, it contends this obligation was severable from the obligation to pay a fee in connection with assisting defendant in obtaining financing. However, the general rule is that if part of an entire contract is void under the Statute of Frauds, the whole of such contract is void *(see, Dickenson v Dickenson Agency,* 127 AD2d 983, 984). In addition, the instant contract is not susceptible of division and apportionment because the distinct calculation of payments for plaintiff's services cannot stand alone. Each, read together, constitutes payment for plaintiff's promise to assist defendant in acquiring Resorts, including both consulting and obtaining financing, a single consideration. The extent to which these provisions are intertwined renders them inappropriate for division without doing violence to the terms of the contract *(cf., Dickenson v Dickenson Agency, supra,* at 984).

We have examined plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.