■ JOHN FORKEN, Appellant, v CIGNA CORPORATION et al., Respondents. [651 NYS2d 824] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing this action. Plaintiff was employed as an agent by defendant Connect-

icut General Life Insurance Co. (Connecticut General) pursuant to an agreement that provided for termination at will, with or without cause. Plaintiff terminated his employment as an agent when he resigned in order to assume a position with Connecticut General as a broker. Under the circumstances, the court properly granted summary judgment dismissing the causes of action for breach of contract and prima facie tort arising out of plaintiff's termination of employment as an agent (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293).

The court also properly granted summary judgment dismissing the cause of action for defamation. The complaint does not set forth the particular words alleged to be defamatory, as required by CPLR 3016 (a), and plaintiff failed to establish that any oral or written statement made by or to individuals identified in the bill of particulars was untrue or that such statement had a defamatory meaning. Lastly, with respect to the cause of action for tortious interference with a contractual or business relationship, plaintiff failed to establish that he had a contractual relationship with any alleged client and failed to show that defendants "actually and wrongfully prevented [him] from entering into or continuing a specific business relationship" (*Korn v Princz*, 226 AD2d 278, 279; *see also, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, *lv denied* 81 NY2d 709; *Mandelblatt v Devon Stores*, 132 AD2d 162, 169). Further, plaintiff failed to show that any alleged interference with a precontractual business relationship was "effected by unlawful means or, under the theory of prima facie tort, by lawful means without justification" (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 920, *lv dismissed* 76 NY2d 936; *Mandelblatt v Devon Stores, supra*, at 168). The conduct of Connecticut General and defendant CIGNA Individual Financial Services Company, Inc., in reassigning their clients to different agents after the termination of plaintiff and, after termination of plaintiff as a broker, in advising their clients that plaintiff no longer worked for them and was not authorized to sell their pension plans was undertaken to protect "valid business interests", thereby precluding "the essential finding that 'disinterested malevolence' is the sole motive for defendant[s'] otherwise lawful act" (*Quail Ridge Assocs. v Chemical Bank, supra*, at 919; *see also, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.*, 197 AD2d 563, *lv denied* 83 NY2d 756). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.