■ LAZARD FRERES & Co. et al., Respondents-Appellants, v FIRST NATIONAL BANK OF MARYLAND, Appellant-Respondent. [656 NYS2d 874] —Order, Supreme Court, New York County (Charles Ramos, J.), entered September 20, 1996, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, to grant summary judgment in favor of defendant only to the extent of dismissing the fourth cause of action for tortious interference with business relations, and otherwise affirmed, without costs.

The documents relied on by plaintiffs were sufficient to

withstand defendant's motion for summary judgment based on the Statute of Frauds set forth in General Obligations Law § 5-701 (a) (1) (*see, Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55-56). However, issues of fact exist as to the material terms of the alleged residual fee agreement, including the percentage and the amount of the residual fee, what services were performed therefor and when it was due and payable (*see, Khazzam v Tremont Advisers*, 214 AD2d 515). There is no merit to defendant's argument that the contract and quantum meruit claims for the residual fee are governed by the Statute of Frauds set forth in General Obligations Law § 5-701 (a) (10), since, unlike the services performed for the "up-front" fee, which defendant has already paid to plaintiffs, those contemplated for the residual fee were clearly not "limited and transitory" in nature (*see, Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 266-267), and the two fees are susceptible to apportionment and division (*compare, Whitman Heffernan Rhein & Co. v Griffin Co.*, 163 AD2d 86, *lv denied* 76 NY2d 715). We modify to dismiss the cause of action for tortious interference with business relations, there being no basis upon the facts alleged for characterizing defendant's refusal to acknowledge its alleged liability for the residual fee, so as to facilitate plaintiff parent's sale of plaintiff subsidiary, as "wrongful" (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 622, 624; *cf., Forken v Cigna Corp.*, 234 AD2d 992). Concur—Milonas, J. P., Ellerin, Tom and Mazzarelli, JJ.