[851 NYS2d 491]

American Business Training Inc., Appellant, v American Man-agement Association, Respondent.

First Department, February 14, 2008

APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco*, New York City (*Brian J. Isaac* and *Michael H. Zhu* of counsel), for appellant.

*Nixon Peabody LLP*, Jericho (*Joseph J. Ortego* and *James W. Weller* of counsel), for respondent.

## OPINION OF THE COURT

SAXE, J.

In this litigation, plaintiff asserts, with the support of documentation, that defendant misappropriated from plaintiff's principal her idea for a seminar, along with supporting materials that she provided to defendant in order to permit exploration of the possibility of a joint venture. Resolution of the appeal requires us to focus on whether the allegedly stolen idea is sufficiently novel or original to support plaintiff's claim for damages.

Plaintiff American Business Training Inc. (ABT), a New York corporation founded in 1992 by its president, Judith Segal, is in the business of developing and marketing seminars for the business community. Defendant American Management Association (AMA) is a not-for-profit association that for approximately 80 years has offered instructional seminars in areas of business and management. Prior to founding ABT, Judith Segal worked for AMA from 1976 through 1991; included among her responsibilities were the development and promotion of seminars.

After Segal was laid off by AMA and founded ABT, the complaint alleges, she "began to create a novel and unique concept for a course for business executives," and ABT allegedly expended $700,000 in the development of the program, a seminar known variously as "The 5-Day MBA" and "Essentials of an MBA." ABT's publicity materials describe the course as designed for managers, executives, and other business professionals who do not have an MBA degree but who need to learn basic business concepts and techniques in order to acquire a broader overall understanding of the processes of operating a business. These materials state that the course provides practical skills and knowledge in such areas as management, accounting, finance, sales, marketing, pricing, strategic planning, research and development, and human resources.

Plaintiff claims that the course was well received, but that it struggled with profitability because of "daunting overhead and

economies of scale issues." Plaintiff asserts that therefore, in November 2000, Segal telephoned an AMA employee, William Fexas, to inquire if AMA would be interested in entering into a joint venture to market the program. It is alleged that Fexas told her that AMA "could be interested," and directed her to Edward Selig, an AMA employee in charge of new course offerings. After Segal called Selig and gave him an overview, plaintiff asserts, he asked her to forward the course brochure, which she did "with the understanding that AMA could only make use of the materials in a joint enterprise with ABT." Two weeks later, plaintiff says, Selig advised Segal that AMA would not run such a course because it was competitive with other courses being offered by AMA. Yet, in June 2001, AMA began offering a course entitled "AMA's Five Day MBA . . . Essential Elements." Like the ABT course, the AMA "Five Day MBA" course was billed as providing a grounding in the essential elements of an MBA program, covering the basic principles of business economics, accounting, finance, marketing and management, so that attendees would learn how all the components of running a business fit together. AMA's course quickly became highly successful.

Plaintiff's complaint asserts seven causes of action, claiming fraud, misappropriation of ideas, breach of a joint venture agreement, unjust enrichment, breach of an implied-in-fact contract, breach of a quasi-contract, and conversion.

The central, dispositive motion was brought by AMA for summary judgment dismissing the complaint. The court granted the motion, agreeing with defendant that the ABT "5-Day MBA" program was not novel or unique, and that plaintiff had failed to establish that the allegedly misappropriated idea possessed the novelty necessary to prevail. It concluded instead that ABT's program consisted of nonoriginal concepts of "management, finance[,] accounting and marketing," and noted that AMA had marketed a 20-day course with similar content for 40 years (2006 NY Slip Op 30365[U], *7). Further, the court reasoned that "[s]hortening the class to days instead of years is also not unique" (id.). The court also remarked that there was no proof that the parties had actually entered into a joint venture agreement.

Also brought up for review on this appeal is an order denying ABT's motion to strike AMA's answer on the ground that AMA had failed to preserve evidence, which failure, ABT claimed, resulted in a spoliation of evidence. ABT further claimed that

AMA more generally failed to comply with discovery, manufactured financial documents, and made misrepresentations regarding its search for documents. While observing that there was evidence that AMA or its counsel had taken an irresponsible attitude to complying with discovery obligations, the court found no showing that the conduct was contumacious or that ABT had suffered "extreme prejudice." ABT's application to renew the motion to strike, on the grounds that new information obtained from depositions of AMA witnesses further supported the claim that AMA had failed to preserve evidence and, moreover, that AMA had produced a report created specifically for litigation that did not accurately reflect AMA's true revenues, was also denied. The court remarked that the three depositions taken after the initial motion were irrelevant and that the financial report was specifically prepared at ABT's request after it had been ascertained that the information sought was not kept by AMA in its ordinary course of business.

If this appeal turned on whether AMA's adoption and implementation of its "Five Day MBA" course was derived from the ideas and material it obtained from Judith Segal, rather than ideas AMA arrived at independently, it would be necessary to deny summary judgment and leave the question to the finder of fact. Among the evidence submitted by plaintiff is an AMA "Concept for a New Seminar" form dated December 20, 2000, i.e., less than a month after Segal spoke with Selig, containing an in-house proposal for a new seminar to be offered by the company with the working title "AMA's 5-Day MBA," on which form were added handwritten notations indicating that the proposed new seminar was approved on December 20, 2000 and was being accelerated or "fast tracked." In numerous respects, the explanations from AMA regarding how this offering came to be suggested and developed are lacking or questionable. Additionally, testimony indicating that the course was "fast tracked" would further support plaintiff's claims.

However, the question here is not whether AMA might have used Segal's idea and brochure, or even whether it may have dissembled in order to avoid acknowledging any debt to Segal and ABT. The primary issue is whether plaintiff had an enforceable property right in the idea Segal disclosed to defendant. The basic, and still applicable, rule was stated by the Court of Appeals in *Downey v General Foods Corp.* (31 NY2d 56, 61 [1972]):

> "An idea may be a property right. But, when one
> submits an idea to another, no promise to pay for its

use may be implied, and no asserted agreement enforced, if the elements of novelty and originality are absent, since the property right in an idea is based upon these two elements."

ABT contends that this rule was modified by *Apfel v Prudential-Bache Sec.* (81 NY2d 470 [1993]). However, the ruling of *Apfel* concerned a situation where the idea at issue was disclosed to the defendant, and the defendant, *following* its disclosure, entered into a contract to pay the plaintiff for it. In that situation, the Court explained, the plaintiff need not establish that the idea was novel; the circumstances establish that the plaintiff provided something of value to the defendant, and therefore the plaintiff is entitled to the benefit that the contract provided for, in exchange for that consideration (*id.* at 478). We disagree with ABT's contention that *Apfel* dispensed with the novelty requirement wherever there has been postdisclosure use. In our view, the *Downey* rule was only modified to the extent that a party who claims that an idea was misappropriated need not establish that the idea was novel and original *if* its value to the defendant was established by the creation of a contract between the parties following disclosure of the idea to the defendant.

Here, there was no contract entered into following plaintiff's submission to defendant of the claimed idea. Accordingly, it is the fundamental principle enunciated in *Downey* that applies: "[W]hen one submits an idea to another, *no promise to pay for its use may be implied*, and no asserted agreement enforced, if the elements of novelty and originality are absent" (31 NY2d at 61 [emphasis added]).

Accordingly, ABT may only prevail by establishing that a condensed management or "MBA" program is so novel and original a concept that ABT is entitled to compensation merely for bringing the idea to AMA. ABT proposes two theories as to the idea's novelty: that ABT's idea of a five-day MBA seminar was novel to the world generally and that it was in any event novel to AMA.

"The question of whether an idea is sufficiently novel or original to merit protection under New York law is amenable to summary disposition" (*Paul v Haley*, 183 AD2d 44, 53 [1992], *lv denied* 81 NY2d 707 [1993]), although ABT contends that there are questions of fact whether the idea for the seminar was novel and original.

Materials submitted by AMA indicate that short-term "MBA essentials" seminars had been marketed by other companies

prior to the time Segal conceived her program and that in fact AMA had marketed a 20-day course focusing on the same topics in greater depth, as well as a three-day program developed specifically for and provided only to a particular client, Watson Wyatt, in 1997. Among the evidence offered by AMA is a 2005 brochure issued by Hawksmere, a United Kingdom corporate training program, promoting "The 5 Day MBA" that the brochure said the company had been running "since 1989 in locations across the UK, Europe, the Middle East and Asia." AMA also observes that ABT was sued for trademark infringement in 1997 by a California company, the Executive Conversation, for its use of the titles, "5-Day MBA" and "4-Day MBA," on the ground that the Executive Conversation had been offering a "III Day MBA Services" seminar since 1992.

ABT's protest that the California litigation was merely for trademark infringement is immaterial; what matters is the prior use by the Executive Conversation of a course based upon the same essential concept. Similarly, we reject ABT's contention that the Hawksmere materials are irrelevant on the question of whether the "5-Day MBA" seminar concept was novel and original as of December 2000. While Hawksmere may only have been incorporated in 2003, having been previously known as Tracklaw, changes of corporate name do not negate the evidence of the existence of the program, regardless of which corporate entity presented it, before 2000. AMA's showing establishes that the concept of a multiday "MBA essentials" program was offered by others before or at the time of Segal's suggestion to AMA.

As to the program that AMA establishes that it provided exclusively for its client Watson Wyatt, its documentation is not undermined by plaintiff's unsupported suggestion that the Watson Wyatt program is a fiction. It is irrelevant that AMA's materials for the "Five Day MBA" program did not cite the Watson Wyatt miniprogram as a source for the MBA program; in any event, however, we observe that the AMA "Concept for a New Seminar" form contains a notation referencing an unnamed AMA "program developed for an 'on-site' client."

In view of the foregoing, we agree with the finding of the motion court that ABT has failed to sustain its burden of establishing the novelty and originality of its concept for a "5-Day MBA" program, or even to offer sufficient evidence to create a factual issue on the point. We view its five-day seminar as not significantly distinct conceptually from a three-day seminar or,

for that matter, a 20-day seminar, on general business topics of management, finance, accounting, sales, and marketing.

Furthermore, notwithstanding AMA's failings during the discovery process, the record fails to support any possible finding that evidence that would tend to support plaintiff's claim concerning the threshold issue of novelty or originality of the idea for the five-day seminar was improperly withheld.

None of plaintiff's causes of action survive this determination. Under *Downey* (31 NY2d at 61), the misappropriation and implied contract causes fail in the absence of the elements of novelty and originality. ABT's fraud claim must be dismissed because ABT cannot establish reliance, since a concept that is not novel cannot be "property" owned by ABT, and "plaintiff 'cannot be defrauded of property that [it] does not own' " (*Murray v National Broadcasting Co., Inc.*, 844 F2d 988, 994 [2d Cir 1988], *cert denied* 488 US 955 [1988], *abrogated on other grounds by Nadel v Play-By-Play Toys & Novelties, Inc.*, 208 F3d 368 [2d Cir 2000]). The claimed creation of a joint venture also cannot stand. Among the indicia of a joint venture are the intention of the parties and acts manifesting their intent to be associated as joint venturers, such as sharing of profits and losses, and ownership of partnership assets (*see Brodsky v Stadlen*, 138 AD2d 662, 663 [1988]). The claimed conversation between Segal and Selig, in which Selig allegedly said that if AMA used the materials the parties would act jointly, is insufficient. Other than this vague conversation, there is no suggestion as to any discussion of pertinent and necessary details, such as how profits, losses, and expenses would be shared or what the contributions of the parties would be, and no evidence of an agreement as to how the partnership would be managed. Nor is any basis presented for a finding of a fiduciary duty.

ABT's inability to demonstrate that its idea was novel precludes relief on the unjust enrichment theory. Similarly, its failure to establish a proprietary interest in the "5-Day MBA" seminar precludes establishing that AMA wrongfully withheld or made use of property belonging to ABT, so the conversion claim must fail as well.

Finally, the record supports the motion court's finding that plaintiff failed to demonstrate either prejudice to itself or willful or contumacious behavior on defendant's part with respect to discovery.

Accordingly, the judgment of the Supreme Court, New York County (Charles Edward Ramos, J.), entered July 18, 2006, dismissing the complaint, should be affirmed, with costs.

Tom, J.P., Mazzarelli and Williams, JJ., concur.

Judgment, Supreme Court, New York County, entered July 18, 2006, affirmed, with costs.