Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 30, 2006, which, insofar as appealed from as limited by the briefs, granted defendants’ motion to dismiss plaintiffs’ causes of action for breach of a joint venture agreement, breach of contract, breach of fiduciary duty and conspiracy to breach fiduciary duty, unanimously affirmed, without costs. Order, same court and J.H.O., entered April 11, 2008, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing the causes of action for misappropriation of ideas and unjust enrichment, unanimously affirmed, without costs.
The pleadings and certain documents specifically referenced therein as tending to memorialize an alleged oral joint venture *520 agreement, actually establish, as a matter of law, that the parties failed to agree upon the division of the parties’ equity interests in the joint venture, leaving such term fatally indefinite and rendering the agreement unenforceable (see e.g. Schnur v Marin, 285 AD2d 639 [2001]; Freedman v Pearlman, 271 AD2d 301, 303 [2000]). Accordingly, the breach of contract and breach of fiduciary duty claims (allegedly founded upon duties owed under the contractual, joint venture relationship) were properly dismissed.
The court also properly granted summary judgment dismissing plaintiffs’ claim for misappropriation of ideas inasmuch as the proposal to develop a means to access music sales information in “real time” and to sell such information on a subscription basis was not novel or original (see American Bus. Training Inc. v American Mgt. Assn., 50 AD3d 219, 222-225 [2008], lv denied 10 NY3d 713 [2008]). Plaintiffs’ claim for unjust enrichment was properly dismissed in the absence of proof that the parties’ joint venture plan, which defendants allegedly misappropriated for use in a competing business, bestowed a benefit on that competing business (see Wiener v Lazard Freres & Co., 241 AD2d 114, 119-120 [1998]). Rather, the evidence established that defendants’ competing business had net operating losses approaching $1 million in its four years of business, and plaintiffs’ separate efforts to market the same joint venture plan to others were unsuccessful.
We have considered plaintiffs’ remaining contentions, including that the motion court improperly converted the initial motion to dismiss to one for summary judgment, and find them unavailing. Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.