■ MP Innovations, Inc., Appellant, v Atlantic Horizon International, Inc., Respondent. [899 NYS2d 213]—

Order, Supreme Court, New York County (Richard B. Lowe,

III, J.), entered December 23, 2009, which, sua sponte, recalled and vacated a prior order, same court and Justice, entered July 7, 2009, denying plaintiff's motion for leave to replead as moot, and, upon recall, denied plaintiff's motion for leave to replead, unanimously affirmed, without costs. Appeal from the July 7, 2009 order unanimously dismissed, without costs, as academic.

Plaintiff commenced this action for, inter alia, breach of contract based on allegations that it presented defendant with a marketing concept for a personal detoxification product, and that defendant orally agreed to sell the product and to pay plaintiff a percentage of all sales generated. After being advised by defendant that it would not proceed with plans to purchase and resell the product, plaintiff subsequently learned that defendant had indeed been doing so using information plaintiff had provided.

In October 2008, Supreme Court granted defendant's motion to dismiss the complaint, but granted plaintiff leave to move to replead its causes of action for breach of contract and unjust enrichment. Plaintiff moved for leave to replead and submitted a proposed amended complaint setting forth causes of action for breach of contract, unjust enrichment and fraud.

The motion court properly denied the motion for leave to replead. Plaintiff concedes that the alleged contract, whereby it was to be paid a six percent commission on all sales of the product for a three-year term, is governed by the statute of frauds (*see* General Obligations Law § 5-701 [a] [10]). The e-mail that plaintiff points to as satisfying said statute, however, does little more than identify the parties' principals. The writing does not, either "expressly or by reasonable implication," identify a number of material terms, including, inter alia, the product, time frame or rate of compensation. Accordingly, the alleged oral agreement is barred by the statute of frauds (*Morris Cohon & Co. v Russell*, 23 NY2d 569, 575 [1969]; *Nemelka v Questor Mgt. Co., LLC*, 40 AD3d 505, 506 [2007], *lv denied* 10 NY3d 705 [2008]).

General Obligations Law § 5-701 (a) (10), by its own terms, applies to implied as well as express contracts (*see Snyder v Bronfman*, 13 NY3d 504 [2009]). Plaintiff's unjust enrichment claim fails since it is a claim for reasonable compensation for services rendered in negotiating the purchase or sale of a business opportunity and therefore falls within the ambit of the statute of frauds (*see* General Obligations Law § 5-701 [a] [10]). Thus, even if we were to find, as urged by plaintiff, that it need not make a showing that its ideas were novel or original (*compare Apfel v Prudential-Bache Sec.*, 81 NY2d 470 [1993], *with*

*American Bus. Training Inc. v American Mgt. Assn.*, 50 AD3d 219 [2008], *lv denied* 10 NY3d 713 [2008]), the claim is nevertheless barred by the statute of frauds.

Plaintiff also failed to adequately state a cause of action for fraud. Plaintiff's allegations are essentially that defendant never intended to honor its promise to pay plaintiff a commission for providing it with the marketing concept for the product, and a fraud claim does not lie where it simply "alleges that a defendant did not intend to perform a contract with a plaintiff when he made it" (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]).

We have considered plaintiff's remaining contentions, including that the motion court failed to apply the correct standard of review for motions for leave to replead, and find them unavailing. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.