Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about November 27, 2012, which granted in part defendants’ motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), unanimously modified, on the law, defendants’ motion as to the remainder of the complaint granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff is an investment advisory firm composed of hotel and hospitality industry experts, and defendants are real estate investment companies. Plaintiff commenced this action seeking compensation from defendants for financial advisory services it provided under an alleged oral contract in connection with defendants’ acquisition of certain hotels and other investment opportunities.
Specifically, the complaint alleges that from November 2010 until May 2011, in connection with eight different projects that defendants were “interested in pursuing,” plaintiff performed a broad range of advisory services for which defendants have not compensated plaintiff; these services allegedly include financial analysis and modeling, market research, data analysis, due diligence, property tours, site visits, investment analysis and evaluation services. The complaint asserts causes of action for quantum meruit and unjust enrichment in connection with *592 these services. Plaintiff generally does not seek compensation for negotiations that it performed on defendants’ behalf, but does seek compensation for the other services it allegedly performed for example, preparing investment committee materials and reviewing documents for loan portfolios.
The parties disagree on whether the statute of frauds applies to plaintiff’s claims. The relevant provision of the statute of frauds states that a contract to pay compensation for “negotiating the purchase, sale, exchange, renting or leasing of any real estate or ... of a business opportunity” is void unless it is in writing (General Obligations Law § 5-701 [a] [10]). The statute also provides that “ ‘[negotiating’ includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction” (id.).
The motion court correctly granted in part defendants’ motion to dismiss plaintiffs claims for quantum meruit and unjust enrichment with regard to three of the eight investment opportunities that defendants considered, because plaintiff acknowledged either participating in negotiations or preparing documents for bidding, i.e., assisting in negotiations of business transactions. In those cases, plaintiff plainly acted as an intermediary as the statute of frauds contemplates (see Freedman v Chemical Constr. Corp., 43 NY2d 260, 266 [1977]).
That plaintiff provided other services in addition to negotiating deals is not dispositive here. On the contrary, plaintiff undertook those other services to assist defendants’ negotiations, largely by determining the value to defendants of pursuing the deal (see e.g. Whitman Heffernan Rhein & Co. v Griffin Co., 163 AD2d 86 [1st Dept 1990], lv denied 76 NY2d 715 [1990]; Gutkowski v Steinbrenner, 680 F Supp 2d 602, 613 [SD NY 2010]). The statute of frauds thus squarely covers the financial advisory services plaintiff performed on those projects.
The statute of frauds also barred plaintiff’s unjust enrichment and quantum meruit claims for the financial advisory services it allegedly performed on the remaining five investment opportunities that defendants considered, for which defendants allegedly requested that plaintiff provide certain investment analyses. At the very least, plaintiffs services in this context amount to “assisting in the negotiation or consummation of the transaction” (General Obligations Law § 5-701 [a] [10]). The motion court erroneously declined to dismiss those claims on the basis that the information plaintiff provided defendants was not ultimately used to assist in the negotiation or consummation of those investment opportunities. Indeed, investment analyses and financial advice regarding the possible acquisition *593 of investment opportunities “clearly fall within” General Obligations Law § 5-701 (a) (10) (Enfeld v Hemmerdinger Estate Corp., 34 AD2d 980, 981 [2d Dept 1970], affd 28 NY2d 606 [1971]; see also Whitman, 163 AD2d at 87; GEM Advisors, Inc. v Corporacion Sidenor, S.A., 667 F Supp 2d 308, 324 n 5 [SD NY 2009]).
Finally, contrary to plaintiffs assertions, dismissal of its claims before discovery is not premature, because it had available all of the facts necessary to describe the services it allegedly performed, and thus to establish whether its claims fell outside of the statute of frauds. It also acknowledged in the complaint that no written agreement ever came to fruition and no amount of discovery will remedy that.
Concur — Saxe, J.E, Moskowitz, DeGrasse and Clark, JJ.