■ Sharon Dahan, Appellant, v Michelle Weiss et al., Respondents. [991 NYS2d 119]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, (1) from so much of an

order of the Supreme Court, Queens County (Taylor, J.), entered May 25, 2012, as granted the defendants' cross motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a), and (2) from so much of an order of the same court entered November 23, 2012, as, in effect, denied that branch of his motion which was for leave to amend the complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The defendant Michelle Weiss is the principal of the defendant Gateever, LLC (hereinafter Gateever). In August 2009, Gateever purchased seven properties in Far Rockaway, Queens, from the Alaska Group, Inc. (hereinafter the Alaska Group). The plaintiff alleges that he held a mortgage in the sum of $650,000 on the seven properties pursuant to an oral loan agreement with the Alaska Group. The plaintiff further claims that as part of the purchase price for the properties, the defendants orally agreed to assume the mortgage held by him, and repay the debt within four months. When the defendants allegedly failed to comply with the plaintiff's demand for payment, he commenced this action to recover damages for breach of contract.

Upon commencement of the action, the plaintiff moved for a preliminary injunction barring the defendants, inter alia, from selling or mortgaging the properties. The defendants then cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), asserting that the plaintiff's claim to recover damages for breach of contract, i.e., the oral agreement to assume the mortgage, was not viable as a matter of law, since the alleged agreement violated the statute of frauds. In opposition to the motion, the plaintiff argued that handwritten statements from the closing, and certain email messages, all of which had been attached to the complaint as exhibits, were sufficient evidence of a binding written agreement to satisfy the statute of frauds. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. Thereafter, the plaintiff moved, inter alia, for leave to amend the complaint to assert a cause of action alleging breach of an oral note rather than breach of an oral agreement to assume a mortgage. The Supreme Court, among other things, in effect, denied that branch of the plaintiff's motion.

To satisfy the statute of frauds, a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement (see *TR-One, Inc. v Lazz Dev. Co., Inc.*, 95 AD3d 1303 [2012]; *Nesbitt v Penalver*, 40 AD3d

596, 597 [2007]; *Cohen v Swenson*, 140 AD2d 407 [1988]; *Schuman v Strauss*, 139 AD2d 502, 503 [1988]). A writing is not a sufficient memorandum unless the "full intention of the parties can be ascertained from it alone[,] without recourse to parol evidence" (*Cooley v Lobdell*, 153 NY 596, 600 [1897]; *Conway v Maher*, 185 AD2d 570, 572 [1992]). However, "the statutorily required writing need not be contained in one single document, but rather may be furnished by 'piecing together other, related writings' " (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 477 [2013], quoting *Henry L. Fox Co. v Kaufman Org.*, 74 NY2d 136, 140 [1989]).

General Obligations Law § 5-705 provides, in relevant part, that "[n]o grantee of real property shall be liable upon any indebtedness secured by a mortgage" unless, "simultaneously with the conveyance," the grantee executes a writing before a notary agreeing to assume and pay the mortgage debt. Here, it is clear from the allegations in the complaint and attached exhibits that the defendants did not execute a notarized written agreement to assume the mortgage allegedly held by the plaintiff at the time the properties were conveyed to Gateever. Thus, General Obligations Law § 5-705 bars the plaintiff from recovering on the theory that the defendants agreed to assume his existing mortgage on the properties as alleged in the complaint. Furthermore, to the extent that the allegations set forth in the complaint can be liberally construed to allege the existence of an agreement by which the defendants were to repay the Alaska Group's debt to the plaintiff as part of the purchase price, it is also barred by the statute of frauds because an agreement to answer for the debt of another must be in writing (*see* General Obligations Law § 5-701 [a] [2]). Contrary to the plaintiff's contention, the various writings attached to the complaint, taken together, were insufficient to memorialize the existence of an agreement by which the defendants were to repay the Alaska Group's debt to the plaintiff. Indeed, an email message dated September 1, 2009, indicated that Weiss was not willing to guarantee repayment of the plaintiff's $650,000 loan to the Alaska Group, and that the material terms of the agreement were not settled. The additional email messages submitted by the plaintiff also failed to express the full intention of the parties (*see MP Innovations, Inc. v Atlantic Horizon Intl., Inc.*, 72 AD3d 571, 572 [2010]; *Mullany v Munchkin Enters., Ltd.*, 69 AD3d 1271, 1273 [2010]). The email messages, at best, showed that there were negotiations for an agreement (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). Accordingly, the Supreme Court properly granted the defendants' cross motion to dismiss the complaint.

The Supreme Court providently exercised its discretion by, in effect, denying that branch of the plaintiff's motion which was for leave to amend the complaint, as the proposed amendment is patently devoid of merit (*see Longo v Long Is. R.R.*, 116 AD3d 676 [2014]; *Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d 1219, 1222 [2010]).

The plaintiff's remaining contentions are without merit. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.