■ MARC WINTHROP, Respondent, v ROSENTHAL & ROSENTHAL, INC., Appellant. [29 NYS3d 801]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 30, 2015, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's cause of action for unjust enrichment, unanimously affirmed, with costs.

This is an action to recover a success or finder's fee allegedly due plaintiff from the proceeds of the sale of certain assets belonging to nonparty Interasian Resources Group, LLC (Interasian), which plaintiff contends was misappropriated by defendant. It is uncontested that the finder's fee allegedly owed plaintiff was a matter of contract between him and Interasian, and that plaintiff and defendant Rosenthal were not parties to a written agreement.

Plaintiff's unjust enrichment claim is not, as defendant contends, barred by the statute of frauds (General Obligations Law § 5-701 [a] [10]). An unjust enrichment claim is founded on a "quasi contract theory of recovery . . . imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned" (*Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [1st Dept 2011] [internal quotation marks omitted], *affd* 19 NY3d 511 [2012]). The Court of Appeals in *Georgia Malone* upheld an unjust enrichment claim, in the absence of a writing between the relevant parties, under

nearly identical facts (*id.*). The statute of frauds is inapplicable to this unjust enrichment claim, which is not based on an alleged oral agreement with defendant (*compare Snyder v Bronfman*, 13 NY3d 504 [2009]; *MP Innovations, Inc. v Atlantic Horizon Intl., Inc.*, 72 AD3d 571 [1st Dept 2010]). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.