◼ RICHARD JOSEPHBERG, Appellant, v CREDE CAPITAL GROUP, LLC, et al., Respondents. [34 NYS3d 447]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 17, 2014, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.

The motion court erred in dismissing plaintiff's breach of contract causes of action as barred by the statute of frauds (*see* CPLR 3211 [a] [5]). Plaintiff alleges that defendant Socius orally agreed to provide him with 15% of the profits generated by financing transactions originated by him. The emails to which he points, authored by defendants Wachs and Peizer, equal partners in Socius, confirm the material elements of this alleged agreement and therefore satisfy the requirements of the statute of frauds (*see Morris Cohon & Co. v Russell*, 23 NY2d 569, 574-575 [1969]; *see also* General Obligations Law § 5-701 [a] [10]).

Since the statute of frauds constituted the motion court's only basis for dismissal of plaintiff's equitable claims, and defendants do not on appeal proffer any alternative basis for affirmance of the dismissal of those causes of action, plaintiff's satisfaction of the statute of frauds likewise warrants reinstate-

ment of his promissory estoppel, unjust enrichment, and quantum meruit causes of action.

Reinstatement of the unjust enrichment cause of action warrants reinstatement of the constructive trust cause of action, particularly given defendants' agreement on appeal, that, under appropriate circumstances, unjust enrichment, standing alone, may support the imposition of a constructive trust (*see Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]).

The motion court erred in dismissing plaintiff's Labor Law § 191 (1) (c) claim on the ground that he was not a "commission salesperson" within the meaning of that statute (*see* Labor Law §§ 191 [1] [c]; 190 [6]), as the record does not supply any basis upon which to make such a determination (*see Matter of Dean Witter Reynolds v Ross*, 75 AD3d 373, 380-381 [1st Dept 1980]). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.