# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**104**

**CA 16-00527**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

HUMAN TECHNOLOGIES CORPORATION,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

TENNESSEE-ALABAMA MANUFACTURING, INC.,
DEFENDANT-APPELLANT.

---

CENTOLELLA LYNN D'ELIA & TEMES LLC, SYRACUSE (DAVID C. TEMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SAUNDERS KAHLER, LLP, UTICA (MERRITT S. LOCKE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered June 2, 2015. The order granted the motion of plaintiff for summary judgment, denied the cross motion of defendant for summary judgment and dismissed the counterclaims of defendant.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting judgment in favor of plaintiff Human Technologies Corporation as follows:

It is ADJUDGED and DECLARED that the purchase orders, dated September 25, 2013, and the delivery releases, dated November 8, 2013, do not constitute an enforceable agreement,

and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that certain purchase orders and delivery releases are not governed by UCC article 2, and that they do not constitute an enforceable agreement. Plaintiff thereafter moved for, inter alia, summary judgment seeking the relief set forth in its complaint and dismissal of defendant's counterclaims. Supreme Court granted the motion, concluding that the purchase orders and delivery releases are not governed by UCC article 2, and that the purported agreement is void under the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). We conclude that the court properly granted the motion but erred in failing to declare the rights of the parties (*see generally Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881), and we therefore modify the order accordingly.

Contrary to defendant's contention, an email from plaintiff's business developer does not satisfy the statute of frauds inasmuch as the full intention of the parties cannot be ascertained from that email without reference to parol evidence (*see Cooley v Lobdell*, 153 NY 596, 600; *Dahan v Weiss*, 120 AD3d 540, 542).  Moreover, the email did not "confirm the material elements of [the] alleged agreement" (*Josephberg v Crede Capital Group, LLC*, 140 AD3d 629, 629), but instead confirmed "that the material terms of the agreement were not settled" (*Dahan*, 120 AD3d at 542).  Contrary to defendant's further contention, "part performance is not applicable to actions governed by section 5-701" (*American Tower Asset Sub, LLC v Buffalo-Lake Erie Wireless Sys. Co., LLC*, 104 AD3d 1212, 1212; *see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234 n 1).

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court