Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc. (2019 NY Slip Op 02308)





Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc.


2019 NY Slip Op 02308


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-07349
 (Index No. 605028/14)

[*1]Best Global Alternative, Ltd., appellant,
v
FCIC Construction Services, Inc., et al., respondents.


David W. Chefec, P.C., Garden City, NY, for appellant.
Dennis Marc Reisman, Great Neck, NY (Katherine Kramer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 2, 2016. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that it entered into one or more agreements with the defendant FCIC Construction Services, Inc. (hereinafter FCIC). The plaintiff commenced this action against FCIC and its president, the defendant Frank Cristo, asserting causes of action sounding in breach of contract, conversion, unjust enrichment, and fraud. The plaintiff alleges, inter alia, that it and FCIC entered into agreements whereby FCIC agreed to share with the plaintiff the profits of certain construction and/or renovation work that FCIC performed at New York Downtown Hospital (hereinafter the hospital). The plaintiff alleges that FCIC agreed to share these profits in consideration for the services of the plaintiff in assisting FCIC to procure such work and in supervising the work performed.
The defendants moved for summary judgment dismissing the amended complaint, arguing, among other things, that the alleged agreements failed to comply with the statute of frauds. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant the defendants' motion for summary dismissing the amended complaint. Pursuant to General Obligations Law § 5-701(a)(10), an agreement "or some note or memorandum thereof" must be in writing and "subscribed by the party to be charged therewith," where the agreement is "to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein." The statute defines "negotiating" to include the act of "procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction" (General Obligations Law § 5-701[a][10]).
Here, the defendants established, prima facie, that the purported agreements were for [*2]the negotiation of a business opportunity. Accordingly, the agreement was required to be in writing and subscribed by the party to be charged (see General Obligations Law § 5-701[a][10]; JF Capital Advisors, LLC v Lightstone Group, LLC, 115 AD3d 591, 592, mod 25 NY3d 759; Baytree Assoc. v Forster, 240 AD2d 305, 306). The defendants established that the alleged agreements failed to comply with these requirements (see General Obligations Law § 5-701[a][10]).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the " exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701'" (Shapiro v Eltman, Eltman & Cooper, P.C., 157 AD3d 835, 836, quoting Kelly v P & G Ventures 1, LLC, 148 AD3d 1002, 1004). Therefore, any evidence tending to show partial performance would not obviate the requirement of a written agreement. The plaintiff also argues that the agreement was for a joint venture. The plaintiff improperly raises this contention for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612). Contrary to the further contention of the plaintiff, the record does not show that the defendants made an admission to the existence of the purported agreement so as to take the agreement out of the statute of frauds (see Camhi v Tedesco Realty, LLC, 105 AD3d 795, 797; Concordia Gen. Contr. v Peltz, 11 AD3d 502, 503).
The plaintiff failed to raise a triable issue of fact as to whether the alleged agreements satisfied the requirements of General Obligations Law § 5-701(a)(10). To satisfy the statute of frauds, a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all the essential terms of a complete agreement (see Dahan v Weiss, 120 AD3d 540, 541-542; TR-One, Inc. v Lazz Dev. Co., Inc., 95 AD3d 1303; Nesbitt v Penalver, 40 AD3d 596, 597). Here, the plaintiff submitted a handwritten memorandum by Cristo. That memorandum merely set forth a list of payments or prospective payments to be made by the hospital to FCIC, on certain dates; the memorandum did not refer to any agreement between the plaintiff and FCIC, and the memorandum was not subscribed by Cristo or any representative of FCIC. The plaintiff also submitted a certain $50,000 check issued to it by FCIC. However, that check contained no notation referring to the subject project or purported agreement, and the mere fact that this check may have been issued after a payment was made by the hospital to FCIC does not demonstrate the existence of an agreement. Taken together, the handwritten memorandum and check fail to raise a triable issue of fact as to the existence of writings that would satisfy the statute of frauds (see 42nd Ave. Commons, LLC v Barracuda, LLC, 140 AD3d 1012, 1013; Dahan v Weiss, 120 AD3d at 542). Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the amended complaint.
In light of the foregoing, the plaintiff's remaining contention is academic.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court