Hopwood v Infinity Contr. Servs. Corp. (2024 NY Slip Op 04197)

Hopwood v Infinity Contr. Servs. Corp.

2024 NY Slip Op 04197

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-10746
 (Index No. 721926/20)

[*1]Martin M. Hopwood, Jr., et al., appellants, 
v
Infinity Contracting Services Corp., et al., respondents.

McLoughlin & O'Hara, LLP, New York, NY (Daniel M. O'Hara and Glen A. Kendall of counsel), for appellants.
Redmond Law PLLC, New York, NY (Jennifer Redmond and Kyle Epstein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 6, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the ninth and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action asserting, inter alia, causes of action to recover damages for breach of contract (ninth cause of action) and unjust enrichment and in quantum meruit (tenth cause of action) predicated upon an alleged oral agreement between the defendant Shirley Wu, the chief executive officer of the defendant Infinity Contracting Services Corp. (hereinafter Infinity), and the plaintiff Martin M. Hopwood, Jr. According to the plaintiffs, Infinity agreed to pay Hopwood 5% of the contract value of a five-year service contract it entered into with the New York City Department of Education (hereinafter the DOE contract), which allegedly was procured by Hopwood. The complaint alleged, among other things, that Infinity breached the oral agreement by failing to pay Hopwood the commission to which he was entitled on the DOE contract, and that Infinity was unjustly enriched by Hopwood's services in securing the DOE contract.
The defendants moved, inter alia, for summary judgment dismissing the ninth and tenth causes of action, arguing that these causes of action were barred by the statute of frauds. In an order entered July 6, 2023, the Supreme Court granted those branches of the defendants' motion. The plaintiffs appeal.
The statute of frauds bars oral agreements to pay compensation "for services rendered in negotiating a 'business opportunity,'" unless there is some note or memorandum in writing, subscribed by the party to be charged therewith (Freedman v Chemical Constr. Corp., 43 NY2d 260, 267; see General Obligations Law § 5-701[a][10]). This provision also applies "to a contract implied in fact or in law to pay reasonable compensation" (General Obligations Law § 5-701[a][10]).
Here, the defendants established, prima facie, that the alleged agreement was for the [*2]negotiation of a business opportunity and thus was required to be in writing and subscribed by the parties to be charged (see id.; Freedman v Chemical Constr. Corp., 43 NY2d at 267; Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d 1101, 1102). The defendants established that the alleged agreement failed to comply with these requirements (see Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d at 1102).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the alleged agreement satisfied the statute of frauds. "To satisfy the statute of frauds, a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all the essential terms of a complete agreement" (id. at 1103; see Dahan v Weiss, 120 AD3d 540, 541). Here, email conversations submitted by the plaintiffs did not state all of the essential terms of the alleged agreement (see Bent v St. John's Univ., N.Y., 189 AD3d 973, 975; Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d at 1103; Durante Bros. Constr. Corp. v College Point Sports Assn., 207 AD2d 379, 380). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the ninth cause of action, alleging breach of contract.
Similarly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the tenth cause of action, alleging unjust enrichment and to recover in quantum meruit, as the subject emails failed to evidence Hopwood's employment by the defendants to render the alleged services (see Snyder v Bronfman, 13 NY3d 504, 506; Landa v McGuire, 223 AD3d 795, 797).
We therefore affirm the order insofar as appealed from.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court