OPINION OF THE COURT
C. Raymond Radican, J.
This is a petition to revoke a renunciation of an intestate share.
The decedent died intestate on July 29, 1983. Shortly thereafter, on August 16, the petitioner, one of the decedent’s two daughters, filed a . renunciation pursuant to EPTL 2-1.11. She now petitions to revoke her renunciation, asserting that when she signed the renunciation she thought she was renouncing only her rights to the decedent’s personal property and not her rights to the decedent’s house in which she and her sister reside. Relying on this misunderstanding and an affidavit from the administratrix daughter consenting to a revocation, the petitioner requests that she be permitted to revoke the renunciation and file a new one that renounces all of the decedent’s property except the house.
The question before the court is whether EPTL 2-1.11 allows the revocation of a renunciation previously filed under its provisions.
It is well settled that a person may renounce a share in an estate (see, generally, 9 Rohan, NY Civ Prac, EPTL, par 2-1.11 [2] [discussion of former EPTL 4-1.3 — renunciation of intestate shares]). The present statute, EPTL 2-1.11 (subd [b], par [2]), outlines procedures for renouncing an intestate share. The statute contains specific and detailed *611 requirements to ensure that a renunciation is made with proper care and consideration. For example, the renunciation must be in writing, signed and acknowledged; it must be filed with the court clerk within nine months of disposition; the renouncing party must provide an affidavit stating that no consideration was received for the renunciation; and the administrator of the estate must be notified of the renunciation (EPTL 2-1.11, subd [b], par [2]; cf. Internal Revenue Code of 1954, § 2518, subd [b] [US Code, tit 26, § 2518, subd [b]) [Federal tax requirements on which EPTL 2-1.11, subd (b), par (2) was based]).
In this case, the petitioner satisfied the requirements of EPTL 2-1.11 and successfully renounced her share in the estate of her father. Although EPTL 2-1.11 (subd [e]) permits the renunciation of part of an interest, as petitioner now wishes to do, the renunciation filed on August 16 was not partial. The renunciation reads: “I * * * do hereby irrevocably renounce all * * * interest in and to any portion of the estate”.
Major revisions to EPTL 2-1.11 were adopted in 1980 at the recommendation of the Law Revision Commission to remedy some of its deficiencies as an estate planning device (NY Legis Doc, 1980, No. 65 [D]; Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.11). Prior to the 1980 amendments EPTL 2-1.11 and the Federal disclaimer statute (Internal Revenue Code of 1954, § 2518 [US Code, tit 26, § 2518]) were in conflict on many points (Curvin, The Federal Estate and Gift Tax and New York Disclaimer Statutes: A Comparison, 52 NYS Bar J). Unless an individual followed the Federal disclaimer statute the effectiveness of the disclaimer was subject to question. Such a predicament defeats the essential purpose of renouncing an interest. To dispel the conflicts, the revisions of 1980 were enacted (L 1980, chs 417, 570).
Among the changes made was the amendment of EPTL 2-1.11 (subd [g]). “A renunciation filed under this section is irrevocable”. (Cf. Internal Revenue Code of 1954, § 2518, subd [b] [US Code, tit 26, § 2518, subd (b)] [“ ‘qualified disclaimer’ means an irrevocable and unqualified refusal”]). Before the 1980 amendment, EPTL 2-1.11 permitted revocation for three months after disposition within the *612 discretion of the Surrogate. (9 Rohan, NY Civ Prac, EPTL, par 2-1.11 [3]). It is clear, however, that a petition for revocation is no longer available to a renouncing party (9 Rohan, NY Civ Prac, EPTL, par 2-1.11 [3]).
In 1980, the Law Revision Commission recommended to the Legislature that renunciations be made irrevocable; however, the Commission also recommended that a renouncing party be permitted to withdraw a renunciation “prior to the expiration of the tax law period [nine months after disposition]” (NY Legis Doc, 1980, No. 65 [D], p 2). The intention of the Commission was to satisfy the Federal requirements that a renunciation be irrevocable, but provide some flexibility to avoid the potential harmful effects of unequivocal irrevocability.
The New York Legislature rejected the recommendations of the Commission and the arguments against complete irrevocability and adopted the clear and unequivocal language found in EPTL 2-1.11 (subd [g]) — “A renunciation filed under this section is irrevocable”. The Legislature obviously intended that renunciations be unquestionably irrevocable.
The court therefore construes EPTL 2-1.11 (subd [g]) to deny revocation of a renunciation that has been satisfactorily filed under EPTL 2-1.11.
Although the petitioner has put forth the affidavit of the administratrix consenting to the revocation, such instrument cannot grant a power that has been denied by the Legislature.
Accordingly, the application of Ann Munch, also known as Sister Ann Maurita Munch, to revoke her renunciation filed on August 16,1983 in the administration of the estate of Howard E. Munch is hereby denied.