In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered February 17, 2011, which denied their motion for summary judgment on the cause of action seeking an injunction compelling the defendant to remove a certain fence based upon an oral agreement purportedly reached on July 24, 2005, and granted the defendant’s cross motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The Supreme Court properly denied the plaintiffs’ motion for summary judgment on the cause of action seeking an injunction compelling the defendant to remove a certain fence based upon an oral agreement purportedly reached on July 24, 2005, and granted the defendant’s cross motion for summary judgment dismissing the complaint. “The statute of frauds, as incorporated in section 5-701 (a) (1) of the General Obligations Law, provides that an agreement is void if it is not in writing and ‘subscribed by the party to be charged therewith’ when the agreement ‘[b]y its terms is not to be performed within one year from the making thereof ” (Sheehy v Clifford Chance Rogers & Wells LLP, 3 NY3d 554, 559-560 [2004], quoting General Obligations Law § 5-701 [a] [1]). “In order to remove an agreement from the application of the statute of frauds, both parties must be able to complete their performance of the contract within one year” (Sheehy v Clifford Chance Rogers & Wells LLP, 3 NY3d at 560; see Cron v Hargro Fabrics, 91 NY2d 362, 367-368 [1998]; Meyers v Waverly Fabrics, Div. of Schumacher & Co., 65 NY2d 75, 79 [1985]).
Here, the defendant established its prima facie entitlement to *803 judgment as a matter of law by tendering evidence that the alleged oral agreement between the parties was incapable of performance within one year and was, therefore, barred by the statute of frauds (see General Obligations Law § 5-701 [a] [1]; Solomon v Urban Dental Mgt., Inc., 39 AD3d 529 [2007]). In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.