■ GFRE, Inc., Appellant, v U.S. Bank, N.A., Respondent, et al., Defendant. [13 NYS3d 452]—

In an action, inter alia, to recover damages for unjust enrichment and fraudulent misrepresentation, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated August 12, 2013, as granted those branches of the motion of the defendant U.S. Bank, N.A., which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging unjust enrichment and fraud insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant U.S. Bank, N.A. (hereinafter U.S. Bank), obtained a judgment of foreclosure and sale in an action to foreclose a mortgage. The person who submitted the winning bid at a public auction of the premises assigned the bid to the plaintiff, who received a referee's deed after tendering the purchase price of $246,000. However, the judgment of foreclosure and sale was later vacated, after it was determined that U.S. Bank had failed to properly serve process upon one of the parties to the foreclosure action (*see U.S. Bank, N.A. v Bernhardt*, 88 AD3d 871, 872 [2011]). It is undisputed that U.S. Bank refunded to the plaintiff the total amount of the purchase price.

The plaintiff commenced this action against, among others, U.S. Bank, asserting, among other things, causes of action to recover damages for unjust enrichment and fraud. U.S. Bank

moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging unjust enrichment and fraud insofar as asserted against it. The Supreme Court, among other things, granted those branches of U.S. Bank's motion.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging unjust enrichment. The elements of a cause of action to recover for unjust enrichment are "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Mobarak v Mowad*, 117 AD3d 998, 1001 [2014]). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]; *see Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]).

Here, the plaintiff merely alleged in the amended complaint that U.S. Bank was "unjustly enriched in that it collected bank fees and interest." Even accepting these allegations in the amended complaint as true, the amended complaint failed, as a matter of law, to sufficiently allege that U.S. Bank was enriched at the plaintiff's expense (*see Lebovits v Bassman*, 120 AD3d 1198, 1199-1200 [2014]; *Dee v Rakower*, 112 AD3d 204, 214 [2013]; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]; *see generally* Restatement of Restitution § 157, Comment *b*). Since the amended complaint failed to state a cause of action alleging unjust enrichment against U.S. Bank, the Supreme Court properly granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211 (a) (7) to dismiss that cause of action insofar as asserted against it.

The Supreme Court also properly granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging fraud insofar as asserted against it. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with

knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). All of the elements of a fraud claim "must be supported by factual allegations containing the details constituting the wrong" in order to satisfy the pleading requirements of CPLR 3016 (b) (*Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]; *see JPMorgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 579 [2014]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 850 [2013]).

Here, the amended complaint consisted of conclusory allegations regarding U.S. Bank's knowledge that it had commenced and prosecuted the underlying foreclosure action without properly effecting service on all of the necessary parties. Furthermore, the facts alleged in the amended complaint do not give rise to a reasonable inference that U.S. Bank had knowledge of, or participated in, the alleged fraud (*see Goel v Ramachandran*, 111 AD3d 783, 793 [2013]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 959 [2011]). Since the amended complaint failed to state a cause of action alleging fraud against U.S. Bank, the Supreme Court properly granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211 (a) (7) to dismiss that cause of action insofar as asserted against it.

In light of our determination, we need not reach U.S. Bank's remaining contentions, which were raised, in effect, as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Matter of Fuchs v Itzkowitz*, 120 AD3d 682, 683 [2014]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.