SCE Assoc., Inc. v Coglianese (2020 NY Slip Op 00168)





SCE Assoc., Inc. v Coglianese


2020 NY Slip Op 00168


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-05613
 (Index No. 607993/17)

[*1]SCE Assoc., Inc., appellant,
v
Steven Coglianese, et al., respondents.


Akiva Shapiro Law, PLLC, Old Bethpage, NY, for appellant.
Franklin, Gringer & Cohen, P.C., Garden City, NY (Steven E. Cohen of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover unpaid commissions, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 30, 2018. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the first and second causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the plaintiff's first cause of action, alleging breach of contract, on the ground that the statute of frauds barred enforcement of the parties' oral agreement. The oral contract involving the payment of commissions was indefinite in nature and duration and was unenforceable in the absence of a writing (see General Obligations Law § 5-701[a][1], [10]; Shapiro v Eltman, Eltman & Cooper, P.C., 157 AD3d 835, 835; Tamara Brokerage, Inc. v Andreoli, 24 AD3d 536; I. Levine & Sons v Physician's Reciprocal Insurers, 246 AD2d 577, 578; Apostolos v R.D.T. Brokerage Corp., 159 AD2d 62, 64-65). Contrary to the plaintiff's contention, "the exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701" (Kelly v P & G Ventures 1, LLC, 148 AD3d 1002, 1004; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 234 n 1; Stephen Pevner, Inc. v Ensler, 309 AD2d 722; Valentino v Davis, 270 AD2d 635, 637-638).
We also agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the plaintiff's second cause of action, alleging breach of fiduciary duty. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; see Litvinoff v Wright, 150 AD3d 714, 715; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660). "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016(b)" (Litvonoff v Wright, 150 AD3d at 715; see Swartz v Swartz, 145 AD3d 818, 823). Affording the second cause of action a liberal construction, [*2]accepting the facts alleged as true, and granting the plaintiff the benefit of every possible inference, the second cause of action failed to adequately plead the existence of a fiduciary relationship between the plaintiff and the defendants (see Litvinoff v Wright, 150 AD3d at 715; Castellotti v Free, 138 AD3d 198, 209-210; Chasanoff v Perlberg, 19 AD3d 635, 635-636).
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court