Matter of Zelouf (2020 NY Slip Op 03017)





Matter of Zelouf


2020 NY Slip Op 03017


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02144

[*1]In the Matter of Shafik Zelouf, deceased. Benjamin Zelouf, petitioner-appellant; Rashel Zelouf, et al., respondents-respondents. (File No. 327322)


Wolf Haldenstein Adler Freeman & Herz, LLP, New York, NY (Jeffrey G. Smith, Mark C. Rifkin, Daniel Tepper, and Certilman Balin Adler & Hyman, LLP [Michael G. Zapson and David Lieser], of counsel), for petitioner-appellant.
Farrell Fritz, P.C., Uniondale, NY (Eric W. Penzer of counsel), for respondents-respondents.



DECISION & ORDER
In a proceeding to revoke a renunciation of an intestate share and to recover damages for breach of contract and unjust enrichment, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated December 22, 2016. The order granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed, with costs.
The petitioner's paternal grandfather (hereinafter the decedent) died intestate in 2003, at which time the petitioner was a minor. The decedent was survived by his wife, children, grandchildren, and a great grandchild. The decedent's children, grandchildren, and great grandchild renounced their interests in certain property in the decedent's estate. The petitioner's father, as the guardian of the petitioner's property, renounced the petitioner's entire intestate share on the petitioner's behalf pursuant to EPTL 2-1.11.
In 2015, the petitioner commenced this proceeding to revoke his renunciation and to recover damages for breach of contract and unjust enrichment. The decedent's wife, and certain of his children and grandchildren (hereinafter collectively the respondents), moved pursuant to CPLR 3211(a) to dismiss the petition. The Surrogate's Court granted the motion, and the petitioner appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is "to be afforded a liberal construction, the facts alleged are presumed to be true, the [petitioner] is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Zurich Am. Ins. Co. v City of New York, 176 AD3d 1145, 1146). "A renunciation filed under [EPTL 2-1.11] is irrevocable" (EPTL 2-1.11[h]; see Matter of Abu-Regiaba, 21 Misc 3d 1106[A], 2008 NY Slip Op 51986[U], *3 [Sur Ct, Nassau County]; Matter of Carucci, 2 Misc 3d 632, 633, 636 [Sur Ct, Nassau County]; Matter of Munch, 125 Misc 2d 610, 611-612 [Sur Ct, Nassau County]). Here, we agree with the Surrogate's determination granting those branches of [*2]the respondents' motion which were to dismiss the causes of action seeking to revoke his renunciation. The facts that the petitioner alleged did not "fit within any cognizable legal theory," as he did not show a proper basis for revoking the revocation (Zurich Am. Ins. Co., 176 AD3d at 1146; see EPTL 2-1.11[h]; Matter of Abu-Regiaba, 21 Misc 3d 1106[A], 2008 NY Slip Op 51986[U], *3; Matter of Carucci, 2 Misc 3d at 636; Matter of Munch, 125 Misc 2d at 612).
A party may move to dismiss one or more causes of action on the basis that they "may not be maintained because of . . . statute of frauds" (CPLR 3211[a][5]). An agreement that "[b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime" is void, "unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent" (General Obligations Law § 5-701[a][1]). "A contract to devise real property" must also be in writing and "subscribed by the party to be charged therewith, or by his lawfully authorized agent" (General Obligations Law § 5-703[3]). With respect to real property, "courts of equity" have the power "to compel the specific performance of agreements in cases of part performance" (General Obligations Law § 5-703[4]). "An agreement which violates the statute of frauds may nonetheless be enforceable where there has been part performance unequivocally referable to the contract by the party seeking to enforce the agreement" (Barretti v Detore, 95 AD3d 803, 806 [internal quotation marks omitted]). "Unequivocally referable conduct is conduct which is inconsistent with any other explanation" (id. at 806 [internal quotation marks omitted]). "[T]he exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701" (Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d 1101, 1102 [internal quotation marks omitted]).
We agree with the Surrogate's determination granting those branches of the respondents' motion which were to dismiss the breach of contract and unjust enrichment causes of action. Contrary to the petitioner's contention, his father's applications to act as his guardian and to renounce his intestate share on his behalf were not writings pursuant to General Obligations Law § 5-701 or § 5-703. Moreover, to the extent that the part performance rule applies in this case, the petitioner's performance as the party seeking to enforce an alleged oral agreement was not "unequivocally referable to the contract" (Barretti v Detore, 95 AD3d at 806 [internal quotation marks omitted]). Thus, the breach of contract cause of action was barred by the Statute of Frauds. Finally, the petitioner may not pursue an unjust enrichment cause of action "to circumvent the Statute of Frauds" (Strauss v Fleet Mtge. Corp., 282 AD2d 736, 737).
Accordingly, we agree with the Surrogate's determination granting the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition. In light of the foregoing, we need not address the petitioner's remaining arguments.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court