Bent v St. John's Univ., N.Y. (2020 NY Slip Op 07343)





Bent v St. John's Univ., N.Y.


2020 NY Slip Op 07343


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-11138
 (Index No. 701294/18)

[*1]Bruce R. Bent, appellant, 
v
St. John's University, New York, respondent.


Emmet, Marvin & Martin, LLP, New York, NY (John Dellaportas and Beth Khinchuk of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (Michael J. Keane, Mickey Keane, and Marc A. Sittenreich of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered August 13, 2019. The order granted the defendant's converted motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability, in effect, on the causes of action alleging unjust enrichment and seeking recovery in quantum meruit.
ORDERED that the order is affirmed, with costs.
By summons and complaint dated January 26, 2018, the plaintiff, a 1961 graduate of St. John's University College of Business Administration (hereinafter the College of Business Administration), benefactor and former Trustee and member of the Executive Committee of St. John's University, commenced this action against the defendant alleging, inter alia, that it breached an alleged oral agreement entered into with the plaintiff in 1981. Under the agreement, the defendant allegedly agreed to convey to the plaintiff, in perpetuity, the naming rights to the building which would house the College of Business Administration, in exchange for the plaintiff's substantial monetary payments to the defendant's endowment. In 1981, the defendant erected the subject building on its Queens campus and it was named Bent Hall. In 2016, the building underwent a major renovation and still houses the College of Business Administration, now called the Peter J. Tobin College of Business. After the renovation, the plaintiff's name no longer appeared at the main entrance but continues to appear at the northeast and southwest corners of the building. In addition, campus signage bears the name Bent Hall.
In March 2018, prior to interposing an answer, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In April 2018, the plaintiff cross-moved for summary judgment on the issue of liability, in effect, on the causes of action alleging unjust enrichment and seeking recovery in quantum meruit. In an order entered March 6, 2019, the Supreme Court granted the motion and cross motion to the extent of converting the defendant's motion to dismiss into a motion for summary judgment pursuant to CPLR 3211(c). The order directed the parties to submit by March 29, 2019, "any additional evidence that could properly be considered on a motion for [*2]summary judgment." After receiving the parties' supplemental submissions, the court granted the defendant's converted motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion. The plaintiff appeals. We affirm.
The statute of frauds bars oral agreements which, by their terms, cannot be performed within one year from their making unless there is some note or memorandum in writing, subscribed by the party to be charged therewith (see General Obligations Law § 5-701[a][1]). To satisfy the statute of frauds, the writing need not be in a single document but may be furnished by piecing other, related documents together (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 477). Signed and unsigned writings can be read together to satisfy the statute, provided that they clearly refer to the same subject matter or transaction, contain all of the essential terms of a binding contract, and the unsigned writing was prepared by the party to be charged (see Post Hill, LLC v E. Tetz & Sons, Inc., 122 AD3d 1126, 1127). At least one document signed by the party to be charged must establish a contractual relationship between the parties (see id. at 1127).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action on the ground that the alleged oral agreement did not satisfy the statute of frauds. The oral agreement, allegedly for the naming rights of the College of Business Administration building in perpetuity, by its very nature, violated the statute of frauds since it could not be performed within one year (see Melwani v Jain, 281 AD2d 276, 276-277; Montgomery v Futuristic Foods, 66 AD2d 64, 65-66). Moreover, contrary to the plaintiff's contention, four written proposals from 2016 do not satisfy the statute of frauds. None of the proposals contained any details about the oral agreement itself and there was no language describing the consideration for the naming rights to the College of Business Administration building. Instead, the written proposals merely stated that the defendant granted the plaintiff the naming rights to the building "as an acknowledgment of his substantial support of the [defendant]." Significantly, none of the written proposals were signed by either the plaintiff or a representative of the defendant. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see 443 Jefferson Holdings, LLC v Sosa, 174 AD3d 486, 487-488).
Regarding the cause of action for breach of the implied covenant of good faith and fair dealing, where there is no valid contract, no basis exists to assert the implied contractual claim (see Kim v Francis, 184 AD3d 413, 414; American-European Art Assoc. v Trend Galleries, 227 AD2d 170, 171). Here, the defendant demonstrated, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging breach of the implied covenant of good faith and fair dealing, as the alleged oral agreement, which would form the basis for the implied covenant, is not valid as it does not satisfy the statute of frauds (see Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606). In opposition, the plaintiff failed to raise a triable issue of fact.
Additionally, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the promissory estoppel cause of action. "'The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise'" (Rock v Rock, 100 AD3d 614, 616, quoting Schwartz v Miltz, 77 AD3d 723, 724 [internal quotation marks omitted]). "The existence of a valid and enforceable contract governing a particular subject matter precludes recovery under a promissory estoppel cause of action arising out of the same subject matter" (Bennett v State Farm Fire & Cas. Co., 181 AD3d 777, 778). Where, however, an oral agreement violates the statue of frauds, promissory estoppel may preclude application of the statute of frauds if its application would result in unconscionability (see Matter of Hennel, 29 NY3d 487, 493-494). An "unconscionable injury" is "injury beyond that which flows naturally . . . from the non-performance of the unenforceable agreement" (Merex A.G. v Fairchild Weston Sys., Inc., 29 F3d 821, 826 [2d Cir] [internal quotation marks omitted]). Here, the defendant established that the plaintiff did not suffer an unconscionable injury so as to permit a cause of action based on promissory estoppel where the underlying contract is invalid because of the statute of frauds. In opposition, the plaintiff failed to raise a triable issue of fact.
Finally, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action, alleging unjust enrichment and seeking recovery in quantum meruit. "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570 [internal quotation marks omitted]). A plaintiff may not assert a cause of action sounding in unjust enrichment or quantum meruit to circumvent the statute of frauds (see Matter of Zelouf, 183 AD3d 900, 902; Strauss v Fleet Mtge. Corp., 282 AD2d 736, 737). Here, the defendant established that it was not against good conscience for it to retain the $500,000 donation from 1981 despite the renovations to the College of Business Administration building. The plaintiff's name has been on the building for 35 years. The name Bent Hall remains on the renovated College of Business Administration building, albeit not in the pre-renovation location, and Bent Hall also appears on campus directional signs. The plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing and, on its cross motion, failed to demonstrate its prima facie entitlement to judgment as a matter of law on the issue of liability, in effect, on the causes of action alleging unjust enrichment and seeking recovery in quantum meruit (see generally Excel Realty Advisors, LP v Engel Burman Group, LLC, 134 AD3d 668, 670).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting the defendant's converted motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion for summary judgment on the issue of liability, in effect, on the causes of action alleging unjust enrichment and seeking recovery in quantum meruit.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court