Chic Realty 712, LLC v GSA Holding Corp. (2023 NY Slip Op 05388)

Chic Realty 712, LLC v GSA Holding Corp.

2023 NY Slip Op 05388

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-02754
 (Index No. 500907/20)

[*1]Chic Realty 712, LLC, appellant,
v
GSA Holding Corporation, respondent.

Shapiro & Associates, PLLC, New York, NY (Saadia M. Shapiro and Samuel M. Lauer of counsel), for appellant.
Goldberg & Cohn, LLP, Brooklyn, NY (Elliott S. Martin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 15, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed by the plaintiff against the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2018, the plaintiff and the defendant entered into a contract of sale, by which the plaintiff was to pay a total purchase price of $5.3 million to purchase a building located in Brooklyn from the defendant. A down payment of $100,000 was due upon execution of the contract, and an additional payment of $165,000 was due upon the end of the plaintiff's due diligence period, on April 1, 2019. The transaction failed to close.
The plaintiff commenced this action, inter alia, for specific performance of the contract and to recover damages for breach of contract. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and to cancel a notice of pendency filed by the plaintiff against the property. In an order dated March 15, 2021, the Supreme Court, among other things, granted those branches of the defendant's motion. The plaintiff appeals.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790).
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, the [*2]court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 87-88). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926 [internal quotation marks omitted]; see Simkin v Blank, 19 NY3d 46, 52). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 449-450 [internal quotation marks omitted]; see Palero Food Corp. v Zucker, 186 AD3d 493, 495).
"To state a cause of action for specific performance for the sale of property, a plaintiff must plead facts demonstrating, among other things, that the plaintiff substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations" (Homapour v Piroozian, 210 AD3d 661, 663; see Finkelstein v Lynda, 166 AD3d 948, 949). Here, the plaintiff's claim that it was ready, willing, and able to perform was flatly contradicted by its own admissions that its willingness to perform was conditioned on an abatement of the contract price, among other things. Moreover, the plaintiff failed to allege that it substantially performed its contractual obligations by tendering the second down payment when it became due, and has acknowledged that this payment was never tendered. Accordingly, the plaintiff does not have a cause of action for specific performance (see Homapour v Piroozian, 210 AD3d at 663; Patel v S. & S. Props., Inc., 165 AD3d 827, 829).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254, quoting Canzona v Atanasio, 118 AD3d 837, 838). Here, the plaintiff annexed the contract of sale to the complaint, which it relied upon as the predicate for the breach of contract cause of action. However, even affording the plaintiff the benefit of every possible favorable inference, its allegations regarding the defendant's purported obligations with respect to a tax assessment failed to set forth a breach of the provisions of the contract of sale.
The Supreme Court properly granted those branches of the defendant's motion which were to dismiss the remaining causes of action, alleging unjust enrichment, to recover in quantum meruit, and for the imposition of an equitable lien. Even assuming, as the plaintiff asserts, that it alleged a claim not covered by the contract of sale, the plaintiff failed to sufficiently allege that the defendant was enriched at the plaintiff's expense (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 961; GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570), and failed to set forth any facts to support the existence of an equitable lien.
Contrary to the plaintiff's contention, since the defendant established its entitlement to dismissal of the causes of action for specific performance and the imposition of an equitable lien pursuant to CPLR 3211(a), the Supreme Court properly granted that branch of the defendant's motion which was to cancel the notice of pendency (see id. § 6501; Town of Oyster Bay v Doremus, 94 AD3d 867, 870; Coleman v Coker, 66 AD3d 812, 814).
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court