374-76 Prospect Place Tenants Assn., Inc. v City of New York (2024 NY Slip Op 05082)

374-76 Prospect Place Tenants Assn., Inc. v City of New York

2024 NY Slip Op 05082

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-08965
 (Index No. 513966/19)

[*1]374-76 Prospect Place Tenants Association, Inc., respondent, 
v
City of New York, appellant, et al., defendants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel), for appellant.
Valli Kane & Vagnini LLP, Garden City, NY (Matthew L. Berman, Robert J. Valli, Jr., Sara Wyn Kane, and Yolande I. Nicholson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, promissory estoppel, breach of fiduciary duty, and unjust enrichment, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated September 27, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract, promissory estoppel, and breach of fiduciary duty insofar as asserted against it and the cause of action alleging unjust enrichment insofar as purportedly asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1983, the City of New York became the owner of an apartment building located at 374-76 Prospect Place in Brooklyn following a tax foreclosure proceeding. The plaintiff, a tenants association of the building, submitted an application to the Tenant Interim Lease program (hereinafter the TIL program), a program administered by the City to help tenants associations in City-owned buildings incorporate and transition into Housing Development Fund Corporations. As part of the application, the tenants of the building signed a consent form acknowledging that the goal of the TIL program was "the sale of the building to its tenants as a low income cooperative upon completion of the program." In 2001, the City accepted the plaintiff into the TIL program, and the plaintiff signed a net lease under which it became responsible for managing the building. In January 2019, the City announced plans to enroll the building into a different City-run program, the Affordable Neighborhood Cooperative Program (hereinafter the ANC program).
In June 2019, the plaintiff commenced this action against the City, among others, asserting causes of action alleging, inter alia, breach of contract, promissory estoppel, breach of fiduciary duty, and unjust enrichment. The plaintiff alleged that, under the terms of the TIL program, the City promised that it would provide capital grants to renovate the building and that the tenants of the building would become shareholders of a cooperative corporation and owners of their apartments by virtue of their ownership share. Based on these promises, the tenants of the building formed a tenants association, the plantiff, which entered into a net lease with the City and expended [*2]funds and invested "sweat equity" in order to maintain and improve the building. The plaintiff further alleged that the City had issued a public notice announcing that it planned to convey the building to Neighborhood Restore Housing Development Fund Company, Inc., through the ANC program, that the City had subsequently informed the plaintiff that rents would be increased in order to fund renovations to the building, that the tenants would be required to relocate for two years while renovations were made, and that the tenants would have "no rights pursuant to the TIL program during that time."
The City moved, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated September 27, 2021, the Supreme Court, among other things, denied those branches of the City's motion which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract, promissory estoppel, and breach of fiduciary duty insofar as asserted against it and the cause of action alleging unjust enrichment insofar as purportedly asserted against it. The City appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 750).
The Supreme Court properly denied that branch of the City's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the breach of contract cause of action insofar as asserted against it. Here, the amended complaint alleged that the City and the plaintiff entered into a contract through the City's acceptance of the plaintiff's application to participate in the TIL program and the plaintiff's participation in that program. The evidence submitted by the City in support of its motion did not utterly refute the allegations in the amended complaint and failed to conclusively establish that the plaintiff did not have a cause of action to recover damages for breach of contract or that the alleged contract was barred by the statute of frauds (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d at 751; Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 726, 728).
The Supreme Court properly denied that branch of the City's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the promissory estoppel cause of action insofar as asserted against it. "The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (Bent v St. John's Univ., N.Y., 189 AD3d 973, 975 [internal quotation marks omitted]). The doctrine of promissory estoppel is limited to cases where the promisee suffered an "unconscionable injury" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 21). Here, contrary to the City's contention, the amended complaint set forth a cause of action based upon promissory estoppel, and the City's evidentiary submissions failed to utterly refute the plaintiff's allegations (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Guggenheimer v Ginzburg, 43 NY2d at 274-275).
The Supreme Court also properly denied that branch of the City's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the breach of fiduciary duty cause of action insofar [*3]as asserted against it. "The elements of a breach of fiduciary duty cause of action are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct, which elements must be pleaded with the particularity required by CPLR 3016(b)" (Stinner v Epstein, 162 AD3d 819, 820). While courts will generally look to the parties' contractual agreement to discover the nature of their relationship, the existence of a fiduciary relationship is "not dependent solely upon an agreement or contractual relation" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20 [internal quotation marks omitted]). "Rather, the actual relationship between the parties determines the existence of a fiduciary duty" (Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 938). Here, contrary to the City's contention, its evidentiary submissions failed to utterly refute the plaintiff's allegation that a fiduciary relationship existed between the City and the plaintiff by virtue of the plaintiff's participation in the TIL program (see Stinner v Epstein, 162 AD3d at 820; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d at 938-939).
The unjust enrichment cause of action was not asserted against the City. "A defendant can only move to dismiss a cause of action where that cause of action is actually asserted against the moving defendant" (Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628, 628; see CPLR 3211[a]). Accordingly, the City was unable to seek dismissal of that cause of action (see Municipal Serv. Real Estate Co. v. D. B. & M. Holding Corp., 257 NY 423, 428-429; Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d at 628).
The City's remaining contention is without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court