Bardy v Bonnem (2025 NY Slip Op 03698)

Bardy v Bonnem

2025 NY Slip Op 03698

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-06007
 (Index No. 55909/23)

[*1]Jack Bardy, respondent, 
v
Joseph Edward Bonnem, etc., et al., appellants.

Latham & Watkins LLP, New York, NY (Benjamin Naftalis, Samir Deger-Sen, and Hanyu [Iris] Xie of counsel), for appellants.
Abrams Fensterman, LLP, Brooklyn, NY (Robert A. Spolzino, Justin T. Kelton, Mordecai Geisler, and Amanda Small of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 26, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of contract, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements.
In 2016, the defendant Joseph Edward Bonnem sought the assistance of the plaintiff in developing his idea for a chain of coffee shops (hereinafter Ready Coffee). On November 13, 2016, Bonnem sent an email to the plaintiff proposing that the plaintiff purchase a 25% ownership interest in Ready Coffee, with the plaintiff acquiring an 18% interest based on a nominal valuation of the company of $1 million and then acquiring the remaining 7% interest based on a nominal valuation of $5 million after three years. The plaintiff alleged that on November 16, 2016, the plaintiff and Bonnem orally agreed that in exchange for the plaintiff's efforts in developing Ready Coffee, the plaintiff would receive the option to purchase the 25% ownership interest as outlined in the November 13, 2016 email and further agreed that if the plaintiff exercised his option, the initial payment would be payable after Ready Coffee's first location opened, which occurred in February 2019. In April 2019, the plaintiff attempted to exercise his option to purchase, which was rejected by Bonnem.
In January 2023, the plaintiff commenced this action against the defendants, asserting causes of action alleging breach of contract, unjust enrichment, breach of fiduciary duty, and to recover in quantum meruit, and seeking the imposition of a constructive trust and an accounting. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint as barred by the statute of frauds and for failure to state a cause of action. By order dated May 26, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
Pursuant to General Obligations Law § 5-701(a)(1), an agreement is void if it is not memorialized in writing if, "[b]y its terms it is not to be performed within one year from the making thereof." "'Where there is absolutely no possibility in fact and law of full performance by both parties within one year, the Statute of Frauds bars enforcement of an oral contract'" (Shapiro v Eltman, Eltman & Cooper, P.C., 157 AD3d 835, 836, quoting Americana Petroleum Corp. v Northville Indus. Corp., 200 AD2d 646, 647; see Hamburg v Westchester Hills Golf Club, Inc., 96 AD3d 802, 802-803). In order to satisfy the statute of frauds, "'a memorandum, subscribed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all the essential terms of a complete agreement'" (Hopwood v Infinity Contr. Servs. Corp., 230 AD3d 570, 571 [internal quotation marks omitted], quoting Best Global Alternative, Ltd. v FCIC Constr. Servs., Inc., 170 AD3d 1101, 1103). A writing "is not a sufficient memorandum unless the 'full intention of the parties can be ascertained from it alone [,] without recourse to parol evidence'" (Dahan v Weiss, 120 AD3d 540, 542, quoting Cooley v Lobdell, 153 NY 596, 600).
Here, the November 13, 2016 email failed to set forth the full scope of the alleged agreement between the plaintiff and Bonnem and, as such, failed to satisfy the statute of frauds (see Hopwood v Infinity Contr. Servs. Corp., 230 AD3d at 571). While the plaintiff alleges that he provided services to Ready Coffee in order to leave open the option to purchase, the terms of the contract as alleged by the plaintiff can only be completed after three years. Contrary to the plaintiff's contention, "the 'exception to the statute of frauds for part performance has not been extended to General Obligations Law § 5-701,'" and so "any evidence tending to show partial performance would not obviate the requirement of a written agreement" (Best Global Alternative, Ltd. v FCIC Constr. Services, Inc., 170 AD3d at 1102 [internal quotation marks omitted], quoting Shapiro v Eltman, Eltman & Cooper, P.C., 157 AD3d at 836; see Matter of Zelouf, 183 AD3d 900, 902; SCE Assoc., Inc. v Coglianese, 179 AD3d 730, 730). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract.
However, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the causes of action alleging unjust enrichment and to recover in quantum meruit. Contrary to the defendants' contention, the plaintiff did not plead those causes of action in order to circumvent the statute of frauds by seeking enforcement of an otherwise unenforceable contract (see Matter of Hersh, 198 AD3d 766, 773; Bent v St. John's Univ., N.Y., 189 AD3d 973, 976), but properly pled those causes of action in the alternative to his breach of contract cause of action (see CPLR 3014). "[A] quasi contract is created by operation of law in the absence of an agreement between the parties to avoid injustice" (Auquilla v Villa, _____ AD3d _____, _____, 2025 NY Slip Op 02053, *5). "'The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Bent v St. John's Univ., N.Y., 189 AD3d at 976, quoting GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570). "To establish a quantum meruit claim, the plaintiff must show: (1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered" (Whitfiled v Law Enforcement Empls. Benevolent Assn., 237 AD3d 1139, 1141 [internal quotation marks omitted]). Here, the amended complaint properly alleged all of essential elements of those causes of action (see Matter of Toyota Lease Trust v Perfection Auto Serv., Inc., 230 AD3d 1323, 1324, Beford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295; Gargano v Morey, 165 AD3d 889, 891; Home Constr. Corp. v Beaury, 149 AD3d 699, 702), and they are not merely duplicative of the plaintiff's breach of contract cause of action (see Bent v St. John's Univ., N.Y., 189 AD3d at 976; Home Constr. Corp. v Beaury, 149 AD3d at 702).
In addition, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the cause of action alleging breach of fiduciary duty and the causes of action seeking the imposition of a constructive trust and an accounting. The amended complaint sufficiently alleged that Bonnem breached a fiduciary duty owed to the plaintiff (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20; 374-76 Prospect Place Tenants Assn., Inc. v City of New York, 231 AD3d 911), which is necessary to support a cause of action seeking the imposition of a constructive trust (see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 752), and a [*2]cause of action seeking an accounting (see Dee v Rakower, 112 AD3d 204, 214).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court